UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAUREN M. LOOS,

                Plaintiff,

    v.                                                **DECISION AND ORDER**
                                                    13-CV-69S

KEITH L. MITCHELTREE,

                Defendant.

## I. INTRODUCTION

On January 18, 2013, Plaintiff Lauren M. Loos commenced this diversity action against Defendant Keith L. Mitcheltree, seeking damages for injuries she allegedly sustained after colliding with Defendant on a ski trail.  (Docket No. 1.)  Presently before this Court is Defendant's Motion to Dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for improper venue pursuant to Rule 12(b)(3). (Docket No. 5.)  Plaintiff opposes the motion.[1]

For the reasons discussed below, this Court finds that it lacks personal jurisdiction over Defendant.  This Court further finds, however, that the interests of justice warrant transferring this case to the United States District Court for the District of Connecticut, where personal jurisdiction and venue are proper.

---

[1]In opposition to Defendant's motion, Plaintiff filed a memorandum of law and the affidavit of Patrick J. Donoghue, Esq., with attached exhibits, on March 15, 2013.  (Docket No. 10.)  Defendant filed a reply memorandum on March 25, 2013.  (Docket No. 11.)

## II. BACKGROUND

**A.    Facts**

In adjudicating Defendant's motion, this Court assumes the truth of the following factual allegations contained in the Complaint.  See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Plaintiff and Defendant are from different states: Plaintiff is from New York; Defendant is from Connecticut.  (Complaint, ¶ 1.)  On January 22, 2012, both parties were at the Stratton Mountain Resort in Vermont.  At some point during that day, Defendant, while snowboarding, collided with the Plaintiff, who was skiing, and pulled her to the ground.  (Complaint, ¶¶ 1, 2.)  Plaintiff alleges that Defendant was snowboarding in an unsafe manner and that the collision occurred as a result of his negligence, carelessness, and recklessness.  (Complaint, ¶¶ 2, 3.)  Plaintiff alleges that she suffered physical and psychological injuries as a result of the collision, and she seeks judgment in the amount of $500,000, plus costs and disbursements.  (Complaint, ¶¶ 2-4.)

## III. DISCUSSION

**A.    Personal Jurisdiction**

**1.    Rule 12(b)(2) Standard**

When challenged with a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. See In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994).  If the

court relies on pleadings and affidavits to resolve the motion, rather than a full evidentiary hearing, the plaintiff need make only a *prima facie* showing of personal jurisdiction to carry its burden. See Distefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (citing Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)); Langenberg v. Sofair, No. 03-CV-8339, 2006 WL 2628348, at *2 (S.D.N.Y. Sep. 11, 2006).

In determining whether the plaintiff has made this showing, the court is not obligated to draw "argumentative inferences" in the plaintiff's favor. Robinson, 21 F.3d at 507 (citing Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)). But the pleadings and affidavits, and all doubts arising therefrom, are construed in the light most favorable to the plaintiff. See CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986); see also Langenberg, 2006 WL 2628348, at *5 ("[C]ourts are authorized to rely on affidavits submitted by the parties in deciding a Rule 12(b)(2) motion to dismiss.").

**B.    Defendant's Motion to Dismiss**

Plaintiff alleges negligence as her only cause of action against Defendant. Defendant argues that this claim should be dismissed either under Rule 12(b)(2) for lack of personal jurisdiction, or under Rule 12(b)(3) for improper venue.

To begin, Plaintiff makes no attempt to establish that this court has personal jurisdiction over Defendant, despite her obligation to do so in the face of Defendant's motion. See In re Magnetic Audiotape Antitrust Litig., 334 F.3d at 206. In fact, Plaintiff includes no discussion of personal jurisdiction whatsoever in response to Defendant's motion. Consequently, Plaintiff's Complaint is subject to dismissal under Rule 12(b)(2) for

lack of personal jurisdiction.

Instead of attempting to establish personal jurisdiction, Plaintiff requests transfer of this case under 28 U.S.C. § 1406(a).  When a claim is originally brought in a district where venue is improper, transfer of the action to another district is available under 28 U.S.C. § 1406(a).  This section provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision whether to transfer or dismiss a case pursuant to § 1406(a) "lies within the sound discretion of the district court."  Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993).  A district court may transfer a case on a motion by either party or sua sponte.  See Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371-72 n. 3 (2d Cir.1966) ("where the motion asks only that the suit be dismissed, the court may properly, sua sponte, order it transferred [pursuant to 28 U.S.C. § 1406(a)]").

Further, a court may transfer an action to another venue even if it lacks personal jurisdiction over the defendants.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) ("Nothing in th[e] language [of section 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."); SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172 (2d Cir.2000) (finding that lack of personal jurisdiction can be cured by transfer to a district in which personal jurisdiction can be exercised under section 1406(a)); Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir.1978) (stating that the court had the power to transfer although it lacked personal jurisdiction over all of

the defendants and finding such transfer to be in the interest of justice, in part because, "transfer would apparently enable appellant to obtain personal jurisdiction over some or all of the defendants").

Here, this Court finds that transfer of the case, rather than dismissal, is warranted. Most significantly, the interests of justice are best served by transfer because the statute of limitations has expired.  The statute of limitations in Vermont for a personal injury resulting from a skiing accident is one year.  See 12 V.S.A. § 513.  The incident in question occurred on January 22, 2012.  Plaintiff commenced this action on January 18, 2013.  If this Court dismissed Plaintiff's complaint, she would be time barred from initiating a new action in the proper venue.  It has frequently been found that once the statute of limitations has run on a case that has been filed in an improper venue, transfer of that case would be in the interest of justice, due to the inability to bring a new action.  See Minnette, 997 F.2d at 1027 ("[T]he transfer of this action, when the statute of limitations has run, is in the interest of justice."); Open Solutions Imaging Sys., Inc. v. Horn, No. 03-CV-2077, 2004 WL 1683158, at *7 (D. Conn. July 27, 2004) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer. . . .  The reasons for doing this are especially compelling if the statute of limitations has run. . . it is enough simply that the court thinks transfer is in the interest of justice.").  Because the statute of limitations has run in the present case, transfer to a proper venue is the appropriate action.

Certain other factors should also be weighed to determine whether transfer would be in the interests of justice under 28 U.S.C. § 1406(a).  Whether a transfer is in the interests of justice is dependant upon "whether the plaintiff has been diligent in pursuing his claim, whether the opposing party would be unduly prejudiced by the transfer, and

5

whether plaintiff's reason for bringing the case in the wrong forum is analogous to an 'erroneous guess' about an 'elusive fact.'" <u>Gibbons v. Fronton</u>, 661 F.Supp.2d 429, 436 (S.D.N.Y. 2009).

First, this Court finds that Plaintiff has been diligent in pursuing her claim.  Plaintiff filed her claim before the statute of limitations expired.  "The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure." <u>Goldlawr</u>, 369 U.S. at 466.  Regardless of how close to the expiration of the statute of limitations, Plaintiff's filing of her case demonstrates proper diligence.  <u>See id.</u>

Second, Defendant will not be unduly prejudiced by transfer to the District of Connecticut.[2]  This is the district where Defendant resides, and as such, transfer to this district would not be prejudicial.  <u>See</u> <u>Gibbons</u>, 661 F.Supp.2d at 436 ("Moreover, because defendants reside in Florida, they would not be prejudiced by transferring the case there."). Furthermore, transfer will not automatically result in an adverse judgment against Defendant because Defendant remains able to defend Plaintiff's claims on the merits. Accordingly, transfer is not unduly prejudicial.

Finally, Plaintiff has provided no reasons for bringing the case in the wrong forum. While this fact favors Defendant, it alone is not enough to warrant outright dismissal.

This Court may transfer a case "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Because Defendant is a resident of Connecticut, venue is proper in the District of Connecticut and Defendant is subject to personal jurisdiction

---

[2]Plaintiff, in her memorandum of law, alternatively requests transfer to the District of Vermont, as the situs of the accident.  For the convenience of the parties and the reasons stated herein, this Court finds transfer to the District of Connecticut to be more appropriate.

there.  This Court will therefore transfer this case to the District of Connecticut under 28 U.S.C. § 1406(a).

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff's Complaint is subject to dismissal under Rule 12(b)(2) for lack of personal jurisdiction over Defendant.  The interests of justice, however, warrant transfer to the District of Connecticut, pursuant to 28 U.S.C. § 1406(a).

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 5) is GRANTED for lack of personal jurisdiction.

FURTHER, that this case shall be transferred to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1406(a).

FURTHER, that the Clerk of the Court shall transfer this action to the District of Connecticut and then close this case.

SO ORDERED.


Dated:        July 12,  2013
              Buffalo, New York


                                        /s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                          Chief Judge
                                     United States District Court